**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

_____
                                        :
GREGORY HAMMOND,                        :
                                        :          CIVIL ACTION
            Petitioner                  :
                                        :          NO. 12-4926
        v.                              :
MICHAEL HARLOW, et al.,                 :
                                        :
            Respondents.                :
_____:

**Henry S. Perkin, M.J.**                              **March   1st    , 2013**

### REPORT AND RECOMMENDATION

Presently before the Court is a *pro se* Petition for Writ of Habeas Corpus filed by the

Petitioner, Gregory Hammond ("Petitioner"), pursuant to 28 U.S.C. § 2254. Petitioner is

currently incarcerated in the State Correctional Institution in Albion, Pennsylvania. For the

reasons that follow, it is recommended that the Petition should be denied with prejudice and

dismissed without an evidentiary hearing.

### I.      PROCEDURAL HISTORY[1]

Petitioner has a rape conviction in Bucks County which required him to register under

Megan's Law for ten (10) years.  Petitioner was arrested in Philadelphia County on October 28,

2008 while on probation for indecent assault and simple assault charges.  The probationary

period for the assault charges began on January 1, 2008 and was to expire on January 1, 2010.

Petitioner was supervised under the County sex offenders program and he was to follow all of their rules

---

[1] This information is taken from the Petition for Writ of Habeas Corpus, the Response thereto, and the attachments
to these documents.  In addition, this Court ordered and reviewed the state court record pertaining to this matter.
This information contained in the state court record has been considered and incorporated into this Report and
Recommendation.

and regulations.  Resp., Ex. D.  On September 14, 2009, Petitioner entered a negotiated plea of *nolo contendere* to charges of failure to verify address or photograph as required and a failure to provide accurate information as required under Megan's Law. The Honorable Harold M. Kane of the Court of Common Pleas of Philadelphia County sentenced Petitioner to one and one-half (1½) to three (3) years' imprisonment for failure to verify his address or photograph followed by a consecutive term of five (5) years of probation, and a concurrent term of one and one-half (1½) to three (3) years' imprisonment for failure to provide accurate information.[2]  The court recommended that Petitioner serve his sentence in Philadelphia County and ordered that Petitioner would receive credit for time served.[3]

Following imposition of the sentence by Judge Kane, on September 30, 2009, the Honorable Denis Cohen of the Court of Common Pleas of Philadelphia County revoked Petitioner's probation which he had been serving on the assault charges at a violation of probation hearing.[4]  Judge Cohen sentenced Petitioner on the violation of probation to one (1) to two (2) years of incarceration to run consecutive to the sentence imposed by Judge Kane.[5] Thus, Petitioner's *aggregate* sentence for both the failure to verify address/information and the assault charges is two and one-half (2½) to five (5) years' imprisonment, followed by five (5) years of probation.

Petitioner did not (1) seek to withdraw his plea; (2) file a direct appeal; or (3) petition for state collateral relief under the Post Conviction Relief Act (PCRA). 42 Pa. C.S.A. § 9541 *et seq*.

---

[2] Resp., Ex. B (9/14/09 Order, Kane, J.).

[3] Resp. at 2, Ex. B.

[4] Resp., Exs. C, D.

[5] *Id.*

Petitioner did, however, file the instant Petition for Writ of Habeas Corpus on August 27, 2012.[6]

Petitioner alleges that (1) he has not been granted credit for one-year of time served; (2) Judge

Kane failed to properly document his Order of credit for time served; (3) the maximum limit of

his sentence expired in 2011; and (4) double jeopardy applies to this matter because his expired

sentence was used to enhance his current sentence.[7]  The Response to the Petition was filed on

January 7, 2012. The Respondents contend that the Petition should be dismissed as time-barred,

the claims are procedurally defaulted and the claims are meritless.

Having reviewed the documents of record in this case, as well as the state court record, I

offer this Report and Recommendation.

## II.     DISCUSSION.

### A.  Whether the Federal Habeas Corpus Petition at Issue is Statutorily Time-Barred.

Pursuant to the Antiterrorism and Effective Death Penalty Act ("AEDPA")[8] enacted

April 24, 1996, 28 U.S.C. section 2244 now imposes a one-year period of limitation for

applications for a writ of habeas corpus by a person in custody pursuant to a judgment of a state

court.[9] However, if direct review of a prisoner's criminal conviction ended prior to the AEDPA's

---

[6] Petitioner initially filed his Petition on August 27, 2012.  On August 30, 2012, the Court ordered that Petitioner re-file his petition on the Court's current standard form. Petitioner complied and filed his revised forms on September 11, 2012.

[7] Pet. (Dkt. No. 3) at 7-14.

[8] Pub. L. 104-132, 110 Stat. 1214.

[9] 28 U.S.C. section 2244 states:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

effective date, the prisoner has a one year "grace period" in which to effectively file his habeas actions.[10]

In the instant case, the Petition is time-barred pursuant to §2244(d)(1)(A), which starts the one-year statute of limitation on the date on which Petitioner's judgment became final by the conclusion of direct review. Petitioner's judgment of sentence became final October 15, 2009, when his 30-day time period for filing a direct appeal lapsed.[11] Based on this date, Petitioner was required to file his habeas action by October 15, 2010. The Petition was signed on August 12, 2012 and it was docketed August 27, 2012.[12] Thus, it was filed on August 12, 2012. Burns v. Morton, 134 F.3d 109, 113 (3d Cir. 1998). Based on this calculation, Petitioner's request for relief is almost two years past the AEDPA statute of limitations.

Petitioner's claims do not invoke the remaining sections of 28 U.S.C. §2244(d)(1)(B)-(D). Petitioner does not allege any State action which impeded his ability to timely file an application for federal habeas relief, nor does Petitioner allege a newly recognized constitutional right or establish that the factual predicate of his claim could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(C),(D). I note

---

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244.

[10] *Burns v. Morton*, 134, F.3d 109. 111 (3d Cir. 1998).

[11] Judge Harold Kane's order sentencing Petitioner based on his conviction for failure to verify his address and photograph and failure to provide accurate information was signed September 14, 2009. Petitioner's 30-day appeal limit places the final judgment date for these convictions 30 days later—October 15, 2009. Examining, *arguendo*, Petitioner's other convictions for indecent and simple assault on September 30, 2009, Petitioner's habeas claims are still time-barred. The 30-day appeal limit on Petitioner's assault charges would lapse October 30, 2009 because Judge Denis Cohen's sentencing Order was signed September 20, 2009. Resp., Exs. B, C (Dkt. No. 13).

[12] *See* Pet. (Dkt. No. 1). Even using the later date of September 6, 2012, when Petitioner signed the Petition and re-filed it using the Court's current standard form, Petitioner's claims are still time-barred.

Respondent's argument that, should Petitioner claim that trial counsel's alleged failure to move to withdraw his plea or file a direct appeal constituted state interference which caused his late filing of this Petition, Petitioner is still time-barred. As Respondent correctly notes, the date is still calculated as of the date of the "alleged governmental interference" which arguably occurred in December of 2009 when Petitioner knew that his trial counsel had not filed a direct appeal. Resp. (Dkt. No. 13) at 5-6 (citing 28 U.S.C. §2244(d)(1)(B) and Pet'r.'s 12/19/09 Ltr. to J. Kane, appended to Pet.).

### B. Whether the Federal Habeas Corpus Petition at Issue is Eligible for Statutory or Equitable Tolling.

#### 1. Statutory Tolling.

The one-year AEDPA limitations period will be statutorily tolled for the time during which a properly filed application for state post-conviction or other collateral review is pending.[13] This state petition must be timely in order for it to toll the one-year statutory time period.[14] In the instant case, Petitioner has not requested state post-conviction or other collateral review,[15] so there is no statutory tolling of the one-year statute of limitations.

#### 2. Equitable Tolling.

The one-year limitations period will be equitably tolled if the principles of equity would make the rigid application of a limitation period unfair.[16] To qualify for equitable tolling, Petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some

---

[13] 28 U.S.C. § 2244(d)(2).

[14] *Pace v. DiGuglielmo*, 544 U.S. 408, 417 (2005).

[15] Pet. (Dkt. No. 3) at 5-14.

[16] *Holland v. Florida*, 130 S.Ct. 2549, 2560 (2010).

extraordinary circumstance stood in his way and prevented timely filing."[17] Courts must invoke

equitable tolling very sparingly, "only in the rare situation where [it] is demanded by sound legal

principles as well as the interests of justice."[18]

Petitioner fails to meet this burden in the instant case. First, Petitioner has not made a

showing that he diligently pursued his rights. Petitioner did not seek direct appeal or post-

conviction relief on either claim presented in his Petition, i.e., that he has not been granted time-

served for one year, or that the Order from Judge Kane was not signed or properly documented

in court records.[19] Although Petitioner sent correspondence to staff members within his

correctional institution inquiring as to the length of his sentence and Petitioner attaches as

exhibits to the Petition at least one letter sent to Judge Kane inquiring about correction of his

sentence and requests to the state court for transcripts of his sentencing hearing, Petitioner did

not file an appeal or collateral petition with the state courts.[20] While Petitioner contends his

sentence expired in 2011, he did not seek relief in this Court until August of 2012. An almost

two year delay in filing a petition for habeas corpus relief does not equate with the diligent

pursuit of rights required to invoke equitable tolling.[21]

---

[17] *Id.* at 2562 (2010) (citations omitted). *See also Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007).

[18] *United States v. Midgley*, 142 F.3d 174, 179 (3d Cir. 1988) (citations omitted). *See Seitzinger v. Reading Hosp. & Med. Ctr.*, 165 F.3d 236, 239 (3d Cir. 1999).

[19] Pet. (Dkt. 3) at 6, 7.

[20] Pet. (Dkt. 3). Petitioner's letters to staff members at his correctional institution largely concern questions regarding the length of his sentence and credit for time-served. While Petitioner may have made inquiries within his correctional institution, it is not evident that he sent copies to the state court or filed anything of record in the state court.

[21] *See Lawrence v. Florida*, 127 S.Ct. 1079, 1085-86 (2007) (finding misunderstanding of law, attorney error and even mental incapacitation do not qualify for equitable tolling); *Pace*, 544 U.S. at 418 (finding missing statute of limitation by five months was not diligent pursuit of rights); *Sistrunk v. Rozum*, 674 F.3d 181, 189-91 (3d Cir. 2012) (stating courts must use equitable tolling sparingly and noting even if petitioner can prove diligence, he must still meet high standard required to show extraordinary circumstance for equitable tolling).

Second, Petitioner fails to meet his burden of showing some extraordinary circumstance which prevented him from timely filing his habeas petition. Petitioner's assertion that his trial counsel did not seek to withdraw his plea or file a direct appeal does not constitute an extraordinary circumstance, even if true.[22] Except for this allegation related to Petitioner's trial counsel, I find no grounds which constitute extraordinary circumstances. Courts generally do not toll a limitations statute where the tardy filing of the petition resulted from a lack of due diligence or lack of knowledge of applicable law.[23] As Respondent notes, this is not a case where anything *prevented* Petitioner from filing in a timely manner, nor is this a case where counsel or court personnel made affirmative misrepresentations as to the timeliness of Petitioner's case.[24]

Petitioner filed the instant Petition nearly two years too late. As shown above, the doctrine of equitable tolling does not apply. Thus, the Petition is time-barred and must be dismissed. Nonetheless, we next examine the merits of Petitioner's claims.

### C. Petitioner's Claims.

Petitioner alleges that (1) he has not been granted credit for one-year of time served; (2) Judge Kane failed to properly document his Order of credit for time served; (3) the maximum limit of his sentence expired in 2011; and (4) double jeopardy applies to this matter because his

---

[22] *See Holland*, 130 S.Ct. at 2567 (finding equitable tolling appropriate only upon gross negligence and abandonment by counsel); *Lawrence*, 127 S.Ct. at 1085-86 (finding attorney error did not qualify for equitable tolling); *LaCava v. Kyler*, 398 F.3d 271, 276 (3d Cir. 2005) (finding attorney error in not notifying petitioner of denial of petition to appeal was not extraordinary circumstance); *Miller v. New Jersey State Dept. of Corrections*, 145 F.3d 616, 618-19 (3d Cir. 1998) (stating equitable tolling available only where petitioner actually *prevented* from asserting rights). This Court also notes Respondent's argument that Petitioner did not even file a "protective" habeas petition in an effort to stay the statute of limitations while pursuing a state remedy. Resp., (Dkt. No. 13) at 14.

[23] *Irwin v. Department of Veteran Affairs*, 498 U.S. 89, 96 (1990) (stating "We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights").

[24] Resp. (Dkt. No. 13) at 11.

expired sentence was used to enhance his current sentence.  Respondents note that the crux of

Petitioner's claims are that the state has failed to grant him one year credit for time served.  They

contend, and this Court notes from a review of the documents in this case, that Petitioner is

mistaken regarding the amount of credit to which he is entitled for time served.  He is not

entitled to one year credit.  Rather, he is entitled to three days' time credit for October 28, 2008

to October 30, 2008, when he was arrested, bail was set the following day and he posted bail on

October 30, 2008.  Resp., Exs. A, B, F.  A review of the Waiver and Plea hearing held on

September 14, 2009 shows the following exchange among the Court, the Petitioner, Petitioner's

counsel and the prosecutor:

> MR. HOBSON [Defense Counsel]:  Your Honor, my client was
> just concerned about the county time, he has expressed that there
> were some other inmates that were given similar insurances and
> they didn't end up doing county time.  I have expressed to my
> client that this offer is for 1.5 to three years with five years
> probation and that it would be court ordered that the time be served
> in the county.
>
> THE COURT:  I can recommend that it be served in the county.
> But they do not have to follow that recommendation, so you know
> that.
>
> THE DEFENDANT:  Can I speak, sir?
>
> THE COURT:         Sure.
>
> THE DEFENDANT:  Sir, is there any way you can do one to
> three, or 11 and a half to three, something like that so I can stay in
> the county?
>
> THE COURT:  Well, I will make it so you can serve it in the
> county.  If they are not going to do it you will have to call him and
> he will come back and we will try to issue an order.  I mean, I will
> do everything in my powers to try to make it happen.
>         This is the best thing for you as I see it in this case, trust me
> on this.

MR. HOBSON:  I just need him to sign the plea form, Your Honor.  It's credit for time served.

**THE COURT:          How much time do you have, Sir?**

**MS. MCNABB [The Prosecutor]:  Your Honor, he was arrested on October the 28ᵗʰ of 2008, so we are coming up to a year.**

MR. HOBSON:  Thank you.

THE COURT CRIER:  Judge, he is already sworn in.

THE COURT:  All right.  Mr. Hammond, you signed this form, you went over it with your lawyer, you signed it; do you understand it?

THE DEFENDANT:  Yes.

. . . .

THE COURT:  The Court will make a finding of guilty on both of those counts, and we will proceed to sentencing.
        Okay.  On 51-000-4918 of 2009 on the charge of failure to verify address, which is the F-2?

MS. MCNABB:  The F-2 is the count two, Your Honor, providing accurate information.

THE COURT:  All right.  Failure to provide accurate information, the sentence of the Court is that you serve a period of one and a half to three years.  And on the failure to verify, five years probation to follow that.  I will make the recommendation – well, **first of all, I will give you credit for the time you already had served.**  And I'm making a recommendation that you serve the time in the county.  And if you have a problem with that, as I said, just notify your lawyer and get back to me.

MR. HOBSON:  Will do, Your Honor.  Thank you.

THE COURT:  That's it, that's the sentence.  Advise him of his appellate rights.

        (Whereupon, counsel spoke to the defendant off the record.)

N.T., 9/14/09, pp. 19-21, 22-23 (emphasis added).  This exchange shows that the prosecutor

made a reference of Petitioner having served almost a year and Judge Kane stating that he would

give him credit for the time he had already served.  The transcript does not, however, support

Petitioner's contention that Judge Kane confirmed that Petitioner was to be credited for one year

of time that he had served.  The public dockets of Petitioner's case do not reflect that he was in

custody from October 28, 2008.  Rather, they show that Petitioner posted bail on October 30,

2008 and that he was next confined in this case on September 14, 2009.  Thus, although it

appears that the prosecutor misspoke at Petitioner's Waiver and Plea hearing, Judge Kane never

committed to giving Petitioner credit for any specific amount of time he had served.  Petitioner's

contention that he is due credit for one year of time served is therefore meritless.  Further,

Petitioner refers repeatedly to an order signed by Judge Kane which grants him one year credit

for time served.  In Petitioner's submissions to this Court and in the state court record, there is an

*unsigned* document which states the following:

> AND NOW, this       day of      Sept.          , 2009 upon
> consideration of the Open Plea   made by the Defendant before this
> Court on Sept. 14, 2009, that it is the Recommendation of this
> Court that the Sentence Imposed (  1.5 to 3 years with credit for
> time served now at 1 year for Time Served   and that the Minimum
> Range of that Sentence is now at 1 year   ), be served at the
> Philadelphia County Correctional Facility.  Gregory Hammond has
> Inmate # 729278, DOB 3/25/1962

Although Petitioner points to this unsigned document as supporting his contention that Judge

Kane ordered that he was due one year of credit for time served, nothing in the record supports

that contention as there is no evidence that this document was prepared by the court and it is

unsigned.

Petitioner also contends that the maximum limit on his sentence expired in 2011. Petitioner is again mistaken. The maximum limit on his sentence does not expire until September, 2014. See Resp., Exs. F, G.

Petitioner also argues that double jeopardy applies to the sentence imposed by Judge Cohen which added a minimum of one and maximum of two years to his sentence imposed by Judge Kane, because he claims that his allegedly expired sentence imposed by Judge Kane was used to enhance his current sentence imposed by Judge Cohen. Respondents correctly contend that this claim is also meritless because Petitioner was on probation from January 2008 through January 2010 for indecent assault and simple assault charges at the time that he was arrested on October 28, 2008 for violating Megan's Law for not verifying his address and not providing accurate information. Resp., Ex. D. Thus, double jeopardy does not attach to the sentence imposed by Judge Cohen.

### D. Certificate of Appealability.

When a district court denies a habeas petition on procedural grounds without reaching the underlying constitutional claims, a certificate of appealability should issue only if (1) the petition states a valid claim for the denial of a constitutional right, and (2) reasonable jurists would find it debatable whether the district court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). In the present case, reasonable jurists could not disagree that the instant Petition is time-barred. It is statutorily barred, and neither statutorily nor equitably tolled.

For all of the above reasons, I make the following:

**RECOMMENDATION**

AND NOW, this     1st       day of March, 2013, IT IS RESPECTFULLY

RECOMMENDED that the instant Petition for Writ of Habeas Corpus filed pursuant to 28

U.S.C. § 2254 (Dkt. No. 3) should be DENIED with prejudice and DISMISSED without an

evidentiary hearing. There is no probable cause to issue a certificate of appealability.

The Petitioner may file objections to this Report and Recommendation. See Local

Civ. R. 72.1. Failure to timely file objections may constitute a waiver of any appellate rights.

BY THE COURT:

 _/s/ Henry S. Perkin_____
HENRY S. PERKIN
UNITED STATES MAGISTRATE JUDGE